UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Leslie Regalado**

       **Plaintiff,**          Case No.:

v.

**Kasbeh, Inc.**
**and Majed Alkasbeh**
**Individually,**

       **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Leslie Regalado hereby sues Defendants, Kasbeh, Inc., and Majed Alkasbeh, Individually, (hereinafter after as "Defendants") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 13679(a).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

1. Plaintiff, Leslie Regalado is an adult and a resident of Hillsborough

County, Florida.

2. Defendant, Kasbeh, Inc., is a Florida corporation authorized and doing business in this Judicial District.

3. Defendant, Kasbeh, Inc., is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

4. Defendant, Majed Alkasbeh, was an officer, director, manager, owner, and/or operator of Defendant, Kasbeh, Inc., and was directly involved in the day-to-day operations of Kasbeh, Inc., had direct responsibility for the supervision of Plaintiff, as well as control over the compensation paid to Plaintiff, and individually took the adverse employment action against Plaintiff's complaint of herein, and therefore, is individually liable for the violations of law complained of herein pursuant to the FLSA.

5. As part of Plaintiff's duties for the Defendants, Plaintiff regularly engaged in commerce, handled goods in commerce, and the production of goods for commerce. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2). Defendant was Plaintiff's employer within the meaning of 29 U.S.C. §

203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

6. Defendants are employers within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with the Defendants on or around January 2025.

8. Plaintiff was paid in cash, submitted weekly timesheets for pay.

9. On or around April 2025, Defendants began a payroll system. Defendants would only record forty (40) hours on the payroll system and pay Plaintiff overtime hours in cash at straight time.

10. Plaintiff inquired about receiving the overtime premium and Defendants said no as they agreed to straight time for overtime.

11. Between January 2025 and May 2025, Plaintiff worked approximately 247 hours of overtime and received her hourly rate of $14.00 per hour.

12. Despite Defendants obligations as an employer, Defendants failed to keep accurate records of hours worked by Plaintiff even though they knew, or should have known, that Plaintiff was working in excess of forty (40) hours per work week.

13. Records, documents, and other evidence which reflect the actual number of hours worked by Plaintiff are in the possession of Defendant and will

be obtained in discovery.

14. Plaintiff requested her unpaid wages from Defendants and to date has not been compensated.

15. Plaintiff has retained the services of Florin Gray and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff Leslie Regalado re-alleges paragraphs 1 through 15 as though set forth fully herein.

17. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. Defendants, Kasbeh, Inc., and Majed Alkasbeh are a common enterprise and/or joint employers of Plaintiff, engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

19. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40)

hours in a work week.

20. Throughout her employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

21. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

22. Defendants' failure to pay Plaintiff overtime at a rate less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

23. Defendants knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

24. Defendants' violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

25. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

26. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Leslie Regalado demands a trial by jury and judgment against Defendants, Kasbeh, Inc., and Majed Alkasbeh, Individually, for the following relief and damages:

a. Overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Liquidated damages in an amount equal to the overtime award;

c. Prejudgment interest;

d. Reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. A judicial determination that the FLSA was violated and an adjudication on the merits of the case;

f. Any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

29. Plaintiff, Leslie Regalado requests a jury trial on all issues so triable.

Dated this 27th of August 2025.

**FLORIN | GRAY**

*/s/ Troy Longman II*
**TROY LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
Primary: tlongman@floringray.com
Secondary: debbie@floringray.com
**WOLFGANG FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary: wflorin@floringray.com

16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*